———o———

### No. 6797.

## HENRY GRAY v. NEW ORLEANS RAILWAY & LIGHT COMPANY.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, No. 103,313, Division "D"; Honorable Porter Parker, Judge. Affirmed.

G. B. Smart, for plaintiff and appellant.

Dart, Kernan & Dart, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff appeals from a judgment dismissing his suit in damages for personal injuries he sustained when the

four-mule dray he was driving collided with a street car of defendant at the intersection of Washington and Magazine Streets.

Plaintiff's negligence is conceded, for he admits that he attempted to cross the track without stopping, looking and listening for the approach of the car and that he did not in fact perceive the car until the dray was partly on the track and the car was almost upon him.

However, he contends that the car struck the dray about its center, behind the front wheels, and he deduces from this fact that the car was so distant when the dray drove upon the track that the motorman must or should have seen it, in ample time to avoid the collision by the exercise of ordinary care. And accordingly he claims that despite his own negligence he should recover under the doctrine of last clear chance.

As to the precise point of impact, the evidence is conflicting; but conceding that the dray was struck at its center, that incident is no more consistent with plaintiff's contention than it is indicative of the promptitude and alertness of the motorman in succeeding to check his car to such an extent as to permit at least a greater portion of the dray to cross ahead of the car. For the motorman testifies that as the dray approached the track the driver, plaintiff, pulled upon the reins with the evident purpose of stopping and permitting the car to pass, but then apparently changed his plans and suddenly attempted to cross in front of the car, when the latter was in such proximity that it was impossible to stop it in time to avert the collision, though, according to his own statement and that of a disinterested witness, he made all endeavor possible to do so. Plaintiff's own negligence being conceded, it was all the more necessary to his recovery that he should establish

defendant's negligence with certainty and not rely upon doubtful conjecture.

The judgment properly dismissed plaintiff's demand, and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, November 20, 1916.

Rehearing refused, December 18, 1916.

By JUDGE CLAIBORNE: I dissent for reasons given in 51 *A.,* 108-150, 111 *La.,* 791.